UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICHARD W. HUSKEY, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | No. 4:16CV1724 RLW |
| BIRCH COMMUNICATIONS, INC., et al., | ) ) ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Response to Orders to Show Cause (ECF No. 33). Defendant has filed a reply, asserting that the Court should dismiss the case for non-compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

The Court notes that Plaintiff filed a First Amended Class Action Complaint on November 21, 2016, naming as Defendants Birch Communications, Inc., R. Kirby Godsey, Tony Tomae, Jim O'Brien, Chris Bunce, Scott Murphy, Michelle Ansley, Paul Masters, and 10 Jane and/or John Does. On March 28 and March 29, 2017, the Court issued Orders to show cause why the case should not be dismissed for failure to execute timely service in compliance with Rule 4(m). (ECF Nos. 31, 32) On April 13, 2017, Plaintiff filed a response, addressing his failure to serve Defendant Birch Communications, Inc., but failing to address lack of service with respect to the Defendants named in their individual capacities or the 10 Jane and/or John Does.

Under Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a

> specified time. But if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "A showing of good cause requires at least 'excusable neglect' – good faith and some reasonable basis for noncompliance with the rules." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). Further, "[w]hen counsel has ample notice of a defect in service, does not attempt an obvious correction, and chooses to defend the validity of the service attempted, there is not good cause for the resulting delay if that method of service fails." *Id.*

As stated in the Orders to show cause filed nearly two months ago, over 90 days have passed since the case was removed to federal court and since the filing of the First Amended Complaint. Plaintiff's response to the show cause order is silent as to the Defendants named in their individual capacities and the Jane and/or John Does. Even if Plaintiff's response refers to ***all*** named Defendants, Plaintiff's argument that he properly effectuated service by virtue of removal to this Court and use of the Court's electronic filing system is illogical and inconsistent with the Federal Rules of Civil Procedure and the local rules of this Court. Rule 4 requires the service of summons, along with a copy of the complaint, on "each defendant to be served" within the time allowed under Rule 4(m). Fed. R. Civ. P. 4(a)-(c). Further, the Local Rules of the United States District Court for the Eastern District of Missouri provide, "[s]ervice pursuant to Fed. R. Civ. P. 4 may not be effected by electronic means." E.D. Mo. L.R. 2.12.

Nothing in the record demonstrates even an attempt to obtain summonses and timely serve the Defendants named in their individual capacities or the 10 Jane and/or John Does or otherwise comply with Rule 4. The Court finds that Plaintiff has not shown good faith and some reasonable basis for noncompliance with Rule 4 pertaining to service. Instead, Plaintiff has chosen to defend the validity of service through the ECF system, which fails to constitute good

cause. *Adams*, 74 F.3d at 887. Thus, in accordance with the mandate in Rule 4(m), the Court must dismiss the action without prejudice as to those Defendants.

The Court notes, however, that the caption on the docket does not accurately reflect the parties in this case as specified in the caption of Plaintiff's First Amended Class Action Complaint. Therefore, the Court will order the Clerk of the Court to make the appropriate changes. The Court will address Birch Telecom of Missouri, Inc.'s Motion to Dismiss the First Amended Class Action Complaint (ECF No. 27) and Plaintiff's Response to Order to Show Cause with respect to Birch Communications, Inc. in a separate Order.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall change the caption on the docket to reflect the caption in Plaintiff's First Amended Class Action Complaint (ECF No. 25).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice as to R. Kirby Godsey, Tony Tomae, Jim O'Brien, Chris Bunce, Scott Murphy, Michelle Ansley, Paul Masters, and 10 Jane and/or John Does for failure to execute timely service in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS FINALLY ORDERED** that Defendants' Motion to Dismiss the First Amended Class Action Petition filed in state court and removed to this Court (ECF No. 19) is **DENIED** as **MOOT.**

Dated this 17th day of May, 2017.

                                                                                    *Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**