UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD W. HUSKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16CV1724 RLW |
| | ) |
| BIRCH COMMUNICATIONS, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Birch Telecom of Missouri, Inc.'s Motion to Dismiss (ECF No. 27) and on Plaintiff's Response to Order to Show Cause with respect to Birch Communications, Inc. (ECF No. 33). The motion to dismiss has been fully briefed. In addition, Birch Telecom of Missouri, Inc. ("Birch Telecom") has filed a reply to Plaintiff's response to show cause order, asserting that the Court should dismiss the case for non-compliance with Rule 4(m) of the Federal Rules of Civil Procedure.[1]

The Court notes that Plaintiff filed a First Amended Class Action Complaint on November 21, 2016. The Complaint eliminated Birch Telecom as a Defendant and instead named Birch Communications, Inc. (ECF No. 25) On December 5, 2016, Birch Telecom filed a Motion to Dismiss. (ECF No. 27) In the Memorandum in Support of its Motion to Dismiss, Birch Telecom advised that Birch Communications, Inc., and not Birch Telecom, was identified as a Defendant in the case caption and that Birch Communications, Inc. had not yet been served.

---

[1] On May 17, 2017, the Court dismissed Defendants R. Kirby Godsey, Tony Tomae, Jim O'Brien, Chris Bunce, Scott Murphy, Michelle Ansley, Paul Masters, and 10 Jane and/or John Does for failure to execute timely service in compliance with Fed. R. Civ. P. 4(m). (ECF No. 37)

(ECF No. 28 p. 1, n. 1) While Plaintiff addressed the merits of Birch Telecom's motion, he did not address the lack of service raised by Birch Telecom. (ECF No. 29)

On March 29, 2017, the Court issued an Order to show cause why the case should not be dismissed as to Defendant Birch Communications, Inc. for failure to execute timely service in compliance with Rule 4(m). (ECF No. 32) In that Order, the Court noted that the caption of the First Amended Class Action Complaint named Birch Communications, Inc. and not Birch Telecom.[2] (ECF No. 32) On April 13, 2017, Plaintiff filed a response, stating that he properly served Defendant Birch Communications, Inc. via the Court's electronic filing system ("ECF").

Under Rule 4(m) of the Federal Rules of Civil Procedure:

If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "A showing of good cause requires at least 'excusable neglect' – good faith and some reasonable basis for noncompliance with the rules." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). Further, "[w]hen counsel has ample notice of a defect in service, does not attempt an obvious correction, and chooses to defend the validity of the service attempted, there is not good cause for the resulting delay if that method of service fails." *Id.*

As stated in the Order to show cause, over 90 days have passed since the case was removed to federal court and since the filing of the First Amended Class Action Complaint. Notably, Birch Telecom advised Plaintiff nearly six months ago, that Birch Communications, Inc. had not been properly served. Not only did Plaintiff fail to address the service issue, but

---

[2] Pursuant to the Court's Order of May 17, 2017, the Clerk of the Court corrected the caption to accurately reflect the caption in the First Amended Class Action Complaint. (ECF No. 37) As Defendant Birch Telecom is no longer a party to this action, the motion to dismiss is now moot.

Plaintiff insists in the response that he properly effectuated service on the new Defendant by virtue of removal to this Court and use of the Court's ECF system. As stated in the Court's previous Order, Plaintiff's position is illogical and inconsistent with the Federal Rules of Civil Procedure and the local rules of this Court. Rule 4 requires the service of summons, along with a copy of the complaint, on "each defendant to be served" within the time allowed under Rule 4(m). Fed. R. Civ. P. 4(a)-(c). Further, the Local Rules of the United States District Court for the Eastern District of Missouri provide, "[s]ervice pursuant to Fed. R. Civ. P. 4 may not be effected by electronic means." E.D. Mo. L.R. 2.12.

Nothing in the record demonstrates even an attempt to obtain a summons and timely serve the Defendant Birch Communications, Inc., or otherwise comply with Rule 4. The Court finds that Plaintiff has not shown good faith and some reasonable basis for noncompliance with Rule 4 pertaining to service. Instead, Plaintiff has chosen to defend the validity of service through the ECF system, which fails to constitute good cause. *Adams*, 74 F.3d at 887. Thus, in accordance with the mandate in Rule 4(m), the Court must dismiss the action without prejudice as to Defendant Birch Communications, Inc.

However, in his response, Plaintiff requests leave to file an amended complaint or, alternatively, requests that the Court grant an extension of time to serve Birch Communications, Inc. either for good cause shown or under the Court's discretionary authority. As stated above, Plaintiff has failed to show good cause for his failure to timely serve Defendant Birch Communications, Inc.

Nevertheless, the Court has discretion to grant additional time for service even in the absence of good cause. *Adams*, 74 F.3d at 887; Fed. R. Civ. P. 4(m) Advisory Committee Notes. Here, the Court will allow Plaintiff additional time to serve Birch Communications, Inc., as the

record demonstrates that Defendant Birch Communications, Inc. was aware of the First Amended Class Action Complaint but did not join in the motion to dismiss because it had not been served. Further, due to the pending motion to dismiss, there is currently no case management order in place that has been delayed by the service of process issue. (ECF No. 21) *But cf. Adams*, 74 F.3d at 887 (finding the district court did not abuse its discretion by refusing to grant a permissive extension of time where plaintiff's request was made almost one year after the service issues were raised; and the service dispute frustrated discovery and disrupted the court's efforts to set a trial date). Therefore, the Court will grant Plaintiff additional time to serve Birch Communications, Inc.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Birch Telecom of Missouri, Inc.'s Motion to Dismiss (ECF No. 27) is **DENIED** as **MOOT**, as said Defendant has been terminated as a party.

**IT IS FURTHER ORDERED** Plaintiff's request for extension of time to serve Defendant Birch Communications, Inc. (ECF No. 33) is **GRANTED**. Plaintiff shall effectuate service on Defendant within 30 days of the date of this Memorandum and Order.

Dated this 18th day of May, 2017.

*/s/ Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**