UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD W. HUSKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16CV1724 RLW |
| ) | |
| BIRCH COMMUNICATIONS, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Response to Order to Show Cause (ECF No. 40). This case, which was first filed in State court over two years ago, has a lengthy procedural history. On April 29, 2015, Plaintiff filed a Petition for Declaratory Judgment and for Damages against Ionex Communications, Inc. ("Ionex") and Birch Telecom of Missouri, Inc. ("Birch Telecom"), both doing business as "Birch Communications" in the Circuit Court of St. Louis County, Missouri. (ECF No. 2) Plaintiff filed a First Amended Class Action Petition on October 7, 2016. (ECF No. 3) On November 4, 2016, Ionex and Birch Telecom removed the case to federal court under the Class Action Fairness Act ("CAFA"). (ECF No. 1) Plaintiff then filed a First Amended Class Action Complaint on November 21, 2016. The caption of the Amended Complaint eliminated Birch Telecom and Ionex as Defendants and instead named Birch Communications, Inc.[1] (ECF No. 25)

On December 5, 2016, Birch Telecom filed a Motion to Dismiss, advising that Birch Communications, Inc., and not Birch Telecom, was identified as a Defendant in the case caption and that Birch Communications, Inc. had not yet been served. (ECF Nos. 27, 28 p. 1, n. 1) On

---

[1] The Disclosures of Organizational Interests indicates that Birch Communications, Inc. is a parent corporation to Birch Telecom and Ionex. (ECF Nos. 11, 12)

March 29, 2017, the Court issued an Order to Show Cause why the case should not be dismissed as to Defendant Birch Communications, Inc. for failure to execute timely service in compliance with Rule 4(m). (ECF No. 32) In that Order, the Court noted that the caption of the First Amended Class Action Complaint named Birch Communications, Inc. and not Birch Telecom. (*Id.*) On April 13, 2017, Plaintiff filed a response, stating that he properly served Defendant Birch Communications, Inc. via the Court's electronic filing system ("ECF") and that there was no material difference between "Birch Communications" and "Birch Communications, Inc." (ECF No. 33)

In a Memorandum and Order dated May 18, 2017, the Court disagreed and advised Plaintiff that Birch Communications, Inc. had not been timely or properly served in accordance with Rule 4 of the Federal Rules of Civil Procedure. (ECF No. 38) While the Court noted that Rule 4 required that the case be dismissed as to Birch Communications, Inc. because Plaintiff failed to demonstrate good cause, the Court granted Plaintiff's request for an extension of time to serve Birch Communications, Inc. and gave Plaintiff 30 days to effectuate service. (*Id.*) However, over 30 days passed, and the Court issued to Plaintiff another Order to Show Cause why Plaintiff had not served Defendant Birch Communications, Inc. in compliance with this Court's Order and Rule 4. (Order of 6/26/17, ECF No. 39)

On July 5, 2017, Plaintiff filed a response, asserting that "'Birch' and 'Birch Communications' are used by a morass of similar entities" and that "[h]aving performed a good-faith reading of this Court's May 18, 2017 order, and holding 'Birch Communications' and 'Birch Communications, Inc.' to be functional equivalents, Plaintiff's attorney believed he had satisfied service upon Birch Communications counsel." (ECF No. 40 p. 1) Plaintiff also attached a screen shot of a webpage for "Birch" to support his assertion that he had already

served "Birch." (ECF No. 40-1) The Court previously considered and rejected Plaintiff's contention that Defendant had been properly served because "Birch," "Birch Communications," and "Birch Communications, Inc." were functional equivalents. Yet, Plaintiff now asserts the same argument in defiance of this Court's Order clearly stating that the Amended Complaint named Birch Communications, Inc., not Birch Telecom, and that Plaintiff had neither effectuated proper service nor shown good cause for such failure.

The Court notes that Birch Communications, Inc. is listed as the parent corporation to Birch Telecom. As stated in *Adams v. AlliedSignal Gen. Aviation Avionics*, a case upon which this Court relies in its Memorandum and Order of May 18, 2017, "absent probative evidence that the two corporations are not independently operated, service on an officer of a subsidiary . . . does not effect service on the parent corporation . . . ." 74 F.3d 882, 885 (8th Cir. 1996) (citations omitted). A website screenshot does not constitute probative evidence in this case.

The *Adams* court further found that if a parent corporation is improperly served, then the district court lacks jurisdiction over the parent "whether or not it had actual notice of the lawsuit." *Id.* at 885-86. Similar to *Adams*, the Court finds Plaintiff's failures to properly serve the parent corporation, Birch Communications, Inc., "baffling." *Id.* at 886. "The use of trade names, operating divisions, and independent subsidiaries" by enterprises is not unusual, and "[t]he need to identify the proper corporate defendant is apparent to any practicing attorney . . . ." *Id.* The Court this finds that Plaintiff has failed to properly serve Defendant Birch Communications, Inc. where, as here, "the person served is an officer of a corporation not named a defendant." *Id.*

Alternatively, Plaintiff requests that the Court "correct" the docket so that Birch Telecom remains the Defendant instead of Birch Communications, Inc. (ECF No. 40 p. 3) Plaintiff

3

claims that the language on the first page of the Amended Complaint that reads, "Plaintiffs state the following claims against Birch Telecom of Missouri, Inc. ("Birch")" and the language under "The Parties" stating "'Birch Communications' is a Missouri Fictitious Name owned by two related entities: Ionex Communications, Inc. ("Ionex") and Birch Telecom of Missouri, Inc. ("Birch")" should compel the Court to change the caption. However, the Court directs Plaintiff's attention to Rule 10 of the Federal Rules of Civil Procedure, which provides, "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint **must name all the parties** . . . ." Fed. R. Civ. P. 10(a) (emphasis added); *see also Ghattas v. First Nat'l Bank of Layton*, No. 4:12-CV-2348 CAS, 2014 WL 222819, at *1 (E.D. Mo. Jan. 21, 2014) ("Because an amended complaint supersedes the original and renders it of no legal effect . . . the allegations of the original complaint may not supplement any deficiencies in the amended complaint. Counsel should have named all defendants in the caption of the amended complaint.") (internal citation omitted).

While Plaintiff argues that the present circumstances are "at most, a technical misfire" and the result of "imprecise docketing and captioning that sprung from the confusing nomenclature of the 'Birch' entities," the Court finds that dismissal of Plaintiff's cause of action is appropriate. Plaintiff has been on notice since December 5, 2016 that Birch Telecom of Missouri, Inc. was not named as a Defendant in the case caption of the First Amended Complaint and that Birch Communications, Inc. had not been properly served. (ECF No. 28 p. 1, n. 1) The Court has issued two Orders to Show Cause pertaining to the lack of service on Birch Communications, Inc. and has issued a thorough Memorandum and Order explaining Plaintiff's failure to comply with Rule 4 and failure to demonstrate good cause for such failure. Despite having nearly eight months to serve the Defendant named in the First Amended Complaint,

Plaintiff has not only failed to effectuate service, but continues to insist, without legal support, either that named Defendant has been properly served or that the Court should "correct" the caption by replacing Birch Communications, Inc. with Birch Telecom of Missouri, Inc.

The Court finds that neither correction of the caption nor an extension of time to effectuate service is warranted in this case. Plaintiff first filed this cause of action in State court over two years ago. The Court previously found that Plaintiff had not shown good cause for failure to timely serve Defendant Birch Communication, Inc. but nevertheless exercised its discretion and granted Plaintiff additional time to serve the named Defendant. Plaintiff's refusal to comply with this Court's Order that "Plaintiff shall effectuate service on Defendant within 30 days of the date of this Memorandum and Order [dated 5/18/17]" warrants dismissal under Rule 4(m). As stated in *Adams*, "[a]t some point, a litigant must bear the consequences of conscious strategic or tactical decisions of this kind." 74 F.3d at 887.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's First Amended Class Action Complaint (ECF No. 25) is **DISMISSED** without prejudice. A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of July, 2017.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**